## JAMES WRIGHT *v.* THE STATE.

1. JURY LAW.— Inability to read and write is one of the causes for challenge to a petit juror prescribed in article 636 of Code of Procedure. *Held*, that this has reference to the English language, and ability to read and write a foreign language does not satisfy the requirement.

2. SAME.— At his trial for theft of the horse of one A., the defendant challenged certain jurors because they were related within the

prohibited degree to the owners of other horses with the theft of which at the same time and place the defendant was charged by other indictments.   The trial court overruled the challenge for cause, and, the defendant's peremptory challenges being exhausted, the jurors were forced upon him.   *Held*, error.

APPEAL from the District Court of Kendall.   Tried below before the Hon. T. M. PASCHAL.

This appeal is from the second conviction of the appellant for theft of a horse belonging to G. E. Albee.   The first conviction was reversed by this court.   10 Texas Ct. App. 476.   The jury on the second trial assessed the punishment at five years in the penitentiary.

*Tarleton & Boone,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J.   J. T. Walker, J. W. Hill, James Wright, John King and A. H. Lewis were jointly indicted for the theft of a horse alleged to belong to one George E. Albee, charged to have been committed in Kendall county on March 12, 1880.

James Wright, one of the persons charged by the indictment, being alone on trial, when certain jurors were being examined as to their qualifications, challenged for cause three of those offered as jurors, the grounds being set out in his bills of exception numbered 1, 2 and 3. The juror mentioned in bill of exceptions No. 1 was Frank Urben, who on being interrogated answered that he did not read or write English, and did not understand it well.   Being challenged for cause and the challenge being overruled, a bill of exceptions to the ruling was taken.   To this bill of exceptions is appended the following: "The juror said he did not understand some words well, but an examination showed him to be possessed of a very fair knowledge of English.   He read and wrote German.

By bill of exceptions No. 2 it appears that Harman Pfeuffer, on being questioned as to his qualifications as a juror, said he was the brother of Wm. Pfeuffer, and it appeared from the records of the court that Wm. Pfeuffer is the person alleged to have been injured in cause number 142 of the court, styled *State of Texas* v. *J. T. Walker et al.*, and said cause, the bill proceeds to state, " is now pending in this court, and it appearing from the records of this court that the indictments in both cases charge identically the same persons and allege the theft of horses from the same place and at the same time, and the defendant claimed that the cause on trial is one and the same offense with the alleged offense in the cause numbered 142 as aforesaid, and challenged this juror for cause." The challenge was overruled and the ruling reserved. To which is appended this statement: " No plea of former conviction or acquittal in this case."

Bill of exceptions number 3: Charles Ammon, a son of Christian Ammon and brother-in-law of John Reinhard, was challenged on the ground that Christian Ammon is the person alleged to have been injured in cause number 139, and John Reinhard in cause number 148, and in other respects the challenge was the same substantially as in bill of exceptions number 2. The challenge overruled, and the bill of exceptions taken with this statement appended: " He was not related to the owner of the animal in the case on trial." Each of these three bills of exceptions recites that this defendant had exhausted his peremptory challenges when the juror was put upon him.

As gathered from the several bills of exception, the first juror, in the opinion of the court, was a competent juror because an examination showed him possessed of a very fair knowledge of English and an ability to read and write German; the second, because no plea of former conviction or acquittal appeared in the case on trial; and the third because the juror was not related to the owner

of the animal in the case on trial.   It appears with rea-
sonable certainty that while the parties charged in the
present case were jointly accused of the theft from Albee,
the same parties were charged by another indictment with
the theft of a horse belonging to Pfeuffer, and in another
indictment with the theft of a horse belonging to Rein-
hard; each offense being charged to have been committed
at the same time and place.

The law on the subjects raised by these bills of excep-
tion is as follows: A challenge for cause is an objection
made to a particular juror, alleging some fact which
renders him incapable or unfit to serve on the jury, and
it may be made for either of the fourteen causes of chal-
lenge enumerated in the statute.   (Code Crim. Proc. art.
636.)   The fourteenth cause, which is applicable to the
first juror, is that he "cannot read and write."   That
relating to the other jurors is the tenth of the causes
enumerated, viz.: "That he is related within the third
degree of consanguinity or affinity to the person injured
by the commission of the offense, or to the private prose-
cutor, if there be one."   It is provided in the same clause
of the statute, in connection with the inability of the
juror to read and write, "that this cause of challenge
shall not be sustained when it appears to the court that
the requisite number of jurors who are able to read and
write cannot be found in the county."   Art. *636*, clause
14, Code Crim. Proc.

This court has heretofore met with difficulty in con-
struing the words "*read and write*" as mentioned in the
clause of the article in question, whether it means an in-
ability to read and write at all in any language whatever,
or whether they indicate an inability to read and write
the language in which the business of the courts is con-
ducted,— the English language.   *McCampbell* v. *State*,
9 Texas Ct. App. 124; *Nolen* v. *State*, Id. 419, and author-
ities cited.   In McCampbell's case, as now remembered

by members of the court, several members of the jury were Mexicans who did not speak or read the English language. It was held by the court on authority of Lyle's case, 41 Texas, 172, that "The right of a defendant charged with a felony to be tried by jurors who understand the English language is not an open question in this State." This case, however, does not decide the question now under consideration. The Mexicans in that case seem to have been wholly ignorant of any knowledge of the English language, and were on that account subject to challenge for cause, as then decided, and the decision is supported both by authority and in reason. In Nolen's case, however, it not being necessary to a determination of the case to decide the question, the court, in view of the importance of the question, contented itself with calling public attention to the subject with the view of invoking legislation on the subject. This has not been had, nor are we aware that the attention of the Legislature has ever been invited to it. Our opinion then was and still is that the words "*read and write*" employed in the statute must be held to mean an ability to read and write the English language, and the qualification of being able to read and write the German language would not remove the objection or qualify the juror.

With regard to the other jurors, it is apparent that several horses belonging to several persons were charged to have been stolen about the same time and place, and that the owners made common cause in their pursuit, and in endeavoring to arrest and bring to trial the persons accused of the general theft; and that the several persons charged in this case were also indicted jointly for the theft of other animals mentioned in the bills of exception. Doubtless the temptation was strong in the minds of all the parties who had lost property by this general transaction to secure the conviction of each and all of the parties charged with the theft. Under these circum-

stances, although in the present case but one person is
charged to have been injured by the commission of the
offense charged in the indictment, we are of opinion that
in the interest of a fair and impartial trial it was error
for the court to hold a juror competent who was related
within the prohibited degree to any of the persons injured
by the offense against all, though the offense was charged
by different indictments.   In our opinion the defendant
was deprived of a fair and impartial trial when there was
forced upon him one juror who could not read and write
the English language and could not read the charge of
the court for himself, and another person who was the
brother to one of the parties, and another person who
was a son of an injured party and brother-in-law to an-
other, in cases involving to some extent at least proof of
the same facts necessary to the conviction of the de-
fendant.

The reading of the indictment to the jury at the stage
of the trial set out in bill of exceptions number 4 is
deemed but an irregularity not of sufficient importance
to warrant a reversal of the judgment.   The same may
be said as to the question presented by bill of exceptions
number 5.   The exclusion of the answer of the witness
is not shown to have been prejudicial to the defendant.
If the answer had not been excluded from the jury it
would probably have been otherwise, and should not be
repeated.   As to the error of the court's charge set up in
bill of exceptions number 6, the most material point
mentioned specifically is a failure to charge on the law of
circumstantial evidence.   If upon another trial the con-
viction of the defendant should be dependent alone on
circumstantial testimony, a charge on the law of that
character of evidence should be given.   Bill number 7
does not set out the charge asked and refused, and so the
error complained of cannot be revised.   The matter com-
plained of in the 8th bill of exceptions seems from the

statement of the judge appended thereto to have been unnecessary, and doubtless will not occur again; and so it does not enter into the grounds upon which the judgment will be reversed.    Such irregularities are likely, however, to be prejudicial to a defendant on a second trial, and should be carefully avoided.    With reference to the additional instruction given at the request of the jury, and mentioned in bill of exceptions number 9, it is not perceived in what manner the rights of the defendant were prejudiced thereby, and no error is apparent.

For error in the rulings of the court upon the challenges of jurors, as above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*